UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2385 PA (MRWx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | Francisco Toral v. Sodexo, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Francisco Toral ("Plaintiff"). (Docket No. 22.) Defendant Sodexo, Inc. ("Defendant") has filed an Opposition (Docket No. 26), to which Plaintiff has submitted a Reply (Docket No. 28). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 20, 2015 is vacated, and the matter taken off calendar.

**I.    Background**

Plaintiff worked as a housekeeper for Defendant beginning in or around January 2013. He was assigned to maintain the psychiatric ward at Harbor UCLA Medical Center. Plaintiff required time off work beginning in November 2013, first as a result of issues with his colon, and later as a result of injuries sustained at work in an attack by a psychiatric patient. Plaintiff alleges that he was required to continue to perform tasks inconsistent with restrictions ordered by his doctor and that he was terminated in March 2014 as a result of excessive absences caused by his disabilities and related treatment. Plaintiff filed a Complaint in Los Angeles County Superior Court for (1) failure to grant medical leave in violation of the California Family Rights Act, (2) denial of medical leave in violation of the California Family Rights Act, (3) interference with medical leave in violation of the California Family Rights Act, (4) discrimination in violation of the California Family Rights Act, (5) retaliation in violation of the California Family Rights Act, (6) disability discrimination in violation of the Fair Employment and Housing Act, (7) failure to prevent discrimination in violation of the Fair Employment and Housing Act, (8) failure to provide reasonable accommodations in violation of the Fair Employment and Housing Act, (9) failure to engage in a good faith interactive process in violation of the Fair Employment and Housing Act, (10) retaliation in violation of the Fair Employment and Housing Act, and (11) wrongful termination in violation of public policy. Plaintiff seeks, among other relief, general and special damages, an injunction, punitive damages, interest, costs, and attorneys' fees.

Defendant removed the action to this Court on April 1, 2015. The Notice of Removal contends that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of California while Defendant is a citizen of Delaware and Maryland and because the amount in controversy exceeds $75,000. Plaintiff disputes that the amount in controversy requirement is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2385 PA (MRWx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | Francisco Toral v. Sodexo, Inc. | | |

**II.     Analysis**

   **A.     Timeliness of Plaintiff's Motion**

   As a preliminary matter, Defendant argues that the Motion is untimely under 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," but that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The Notice of Removal was filed on April 1, 2015, and Plaintiff waited until June 19, 2015 to file his Motion.  Defendant contends that Plaintiff's Motion is based on a defect other than lack of subject matter jurisdiction because "Plaintiff's contention [is] that [Defendant] has alleged insufficient facts in support of its removal petition."

   Defendant takes the position that once thirty days have passed, a plaintiff can no longer argue merely that a defendant has failed to show that the amount in controversy exceeds $75,000—rather, the plaintiff must affirmatively argue that the amount in controversy does not exceed $75,000.  Defendant's only citation, to a case involving a motion to remand based on the applicability of a forum selection clause, is not remotely on point.  Northern Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995).  However, the issue is not completely novel.  "Courts have held that a remand motion is based on a procedural defect under Section 1447(c), and not subject matter jurisdiction, if it argues only that the defendant's notice of removal failed to state the requisite amount in controversy. . . .  But these decisions do not affect a plaintiff's right to argue that subject matter jurisdiction is, in fact, absent.  And if such an argument is made, Section 1447(c) does not remove the defendant's burden to show that subject matter jurisdiction exists."  Behrazfar v. Unisys Corp., 687 F. Supp. 2d 999, 1002 (C.D. Cal. 2009) (internal citations omitted).  Here, Plaintiff has largely tiptoed around arguing that subject matter jurisdiction is absent, choosing, instead, to emphasize that Defendant has not proven that the amount in controversy requirement is satisfied.  However, Plaintiff also takes the less ambiguous position that "Defendant has not and cannot met [sic] its burden of proof that the amount in controversy exceeds the statutory minimum of $75,000."  (Motion at 5.)  This is a legitimate challenge to the existence of subject matter jurisdiction, and the Motion is therefore not untimely under 28 U.S.C. § 1447(c).  See Behrazfar, 687 F. Supp. 2d at 1003 ("True, Plaintiff's argument vacillates between attacking the Notice of Removal's sufficiency and arguing that jurisdiction is actually lacking.  But since Plaintiff contests the existence of subject matter jurisdiction, her Motion is based on more than a mere procedural defect.").

   **B.     Amount in Controversy**

   When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction.  Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)).  "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2385 PA (MRWx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | Francisco Toral v. Sodexo, Inc. | | |

Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Boston Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego, 443 F.3d at 690; Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir. 2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

In its Opposition, Defendant tallies compensatory damages, punitive damages, emotional distress damages, and attorneys' fees in an effort to satisfy its burden.

    **1.**    **Compensatory Damages**

Defendant calculates Plaintiff's compensatory damages based on an hourly wage of $11.84 per hour, or approximately $24,627.20 per year. Defendant alleges that Plaintiff's unmitigated lost wages totaled $25,700 at the time of removal: ($24,672 / 12) x 12.5.[1] In addition to rounding, Defendant's calculation appears to use transposed digits: $24,672.20 rather than $24,627.20. The Court finds that Plaintiff's losses at the time of removal were approximately $25,653.33: ($24,627.20 /12) x 12.5.[2]

Defendant argues that because Plaintiff seeks both back and front pay, the amount in controversy includes lost wages through trial in February 2016 totaling $46,260.00 plus future lost wages for one year after trial. Although courts may consider both front and back pay in determining the amount in controversy, many are skeptical about projecting lost wages beyond the date of removal. See, e.g.,

---

[1]    The Notice of Removal includes an apparently flawed calculation: "At the time of the removal of this case, the alleged unmitigated lost wages that Plaintiff seeks total approximately $27,736.67 ($24,627.20 x 1 year) + (24,627.20 x 1/24 year)." These figures actually total $25,653.33.

[2]    Contrary to Plaintiff's contention, Defendant's failure to mitigate defense does not amount to "taking inconsistent positions" as to his compensatory damages. Merely asserting a defense to a particular category of damages does not remove those damages from controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2385 PA (MRWx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | Francisco Toral v. Sodexo, Inc. | | |

Fortescue v. Ecolab, Inc., No. CV 14–0253 FMO (RZx), 2014 WL 296755, at *2 (C.D. Cal. Jan. 28, 2014) (listing cases and holding that "[w]hile defendant suggests that the court should consider plaintiff's future lost wages in determining the amount in controversy, the court declines to project lost wages forward to some hypothetical trial date"). Here, the Court finds little evidence to suggest that it is more likely than not that Plaintiff will be unable to find another $12 per hour job through February 2017. Accordingly, the amount of compensatory damages in controversy at the time of removal is $25,653.33.

### 2. Punitive Damages

Defendant argues that punitive damages in this case are likely to exceed the balance of the amount in controversy requirement. Defendant argues that claims for discrimination and retaliation based on a physical disability in violation of state and/or federal law have resulted in large punitive damages awards. However, Defendant makes no effort in either its Notice of Removal or Opposition to show that any of its cited cases are factually analogous to the present dispute. Instead, Defendant simply lists the similar claims at issue in those cases. See Molnar v. 1-800 Flowers.com, Inc., No. CV 08-0542 CAS (JCx), 2009 WL 481618, at *6 (C.D. Cal. Feb. 23, 2009) ("It is true that in determining the amount in controversy, the Court may consider arguments set forth by defendant that punitive damages awards in other, similar, cases have been comparable to or higher than those claimed by defendant. . . . However, the Court also notes that, in determining the amount in controversy in diversity cases, courts have often rejected such arguments where defendant fails to show that the cited cases have analogous facts to the action at issue, and have declined to find that the amount in controversy is satisfied where defendants' arguments regarding the amount of punitive damages are deemed too speculative.") (internal citations omitted). Accordingly, because Plaintiff to demonstrate that the cited cases are factual similar to this case, the Court has no basis to find that punitive damages make it more likely than not that the amount in controversy exceeds $75,000.

### 3. Emotional Distress

Plaintiff also seeks damages for emotional distress. Defendant cites a number of employment cases involving significant emotional distress awards. See Declaration of Mark F. Lovell ("Lovell Decl."), Exs. D, E, F, G, I, K, L, M, N. Several of the cases cited by Defendant involve facts that are strikingly distinguishable from those in the instant case. See, e.g., Id., Ex. G (reporting award for pain and suffering resulting from colleagues "coordinat[ing] their written statements and made false reports about" incidents involving plaintiff). Although Defendant cites to authority suggesting that such examples need not be factually analogous, there is more persuasive authority to the contrary. See Molnar, 2009 WL 481618 at *6. Again, because there was no effort to make a comparative factual analysis between the cited cases and this case, the Court has no basis to find that damages for emotional distress make it more likely than not that the amount in controversy exceeds $75,000.

### 4. Attorneys' Fees

Although Defendant argues that the Court should consider both fees accrued at the time of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2385 PA (MRWx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | Francisco Toral v. Sodexo, Inc. | | |

removal and reasonably anticipated fees, Defendant's authorities are two Northern District cases from 2002 and a Tenth Circuit case from 1998. More recent case law recognizes a split of authority in the Ninth Circuit as to whether anticipated attorneys' fees are to be considered for purposes of determining the amount in controversy. See Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the Conrad/Faulkner and the Simmons/Brady lines of cases may best be resolved by adoption of the Conrad/Faulkner reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes."); Kidner v. P.F. Chang's China Bistro, Inc., No. EDCV 15–287 JGB (KKx), 2015 WL 2453523, at *5-*6 (C.D. Cal. May 21, 2015) (adopting reasoning in Reames); Gomez v. CarMax Auto Superstores California, LLC, No. 2:14–cv–09019 CAS (PLAx), 2015 WL 1967078, at *2 (C.D. Cal. Apr. 30, 2015) (same). Moreover, because Defendant offers no evidence of Plaintiff's pre-removal attorneys' fees, the Court has no basis to find that the amount in controversy exceeds $75,000.

### 5. No Stipulation

Finally, Defendant notes that Plaintiff has declined to stipulate that he is seeking less than $75,000. (Second Declaration of Mark F. Lovell ¶ 4.) See Hulihee v. Kaiser Foundation Health Plan, Inc., Civ. No. 08–00175 HG–BMK, 2008 WL 4290939, at *2 (D. Haw. Sept. 19, 2008) ("Hulihee has been presented with opportunities to delimit damages and defeat federal jurisdiction; Plaintiff instead wants to proceed in State Court while pursuing unlimited damages. Such an outcome is not permissible."). Plaintiff's citation to Simmons does not render this irrelevant. In that case, the court held that the plaintiff's post-removal willingness to stipulate to an amount in controversy that did not exceed $75,000 deserved little credence. 209 F. Supp. 2d at 1033. The court explained that the plaintiff would otherwise be able to manipulate the amount in controversy. Here, Plaintiff's refusal to stipulate does not raise the same concerns.[3] Although the Court agrees that Plaintiff's refusal to stipulate impacts his credibility, this does not relieve Defendant of its burden which, for the reasons discussed above, it has failed to satisfy.

### Conclusion

For the foregoing reasons, the Court finds Defendant failed to meet its burden of demonstrating that the amount in controversy in this case exceeds $75,000 and that subject matter jurisdiction exists. 28 U.S.C. § 1332. Accordingly, Plaintiff's Motion is granted and this action is remanded to the Los Angeles Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[3] Plaintiff's claim that California Code of Civil Procedure § 425.10 precludes his stipulating that he seeks less than $75,000 is not persuasive. The statute only governs the contents of the complaint.